IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA DANIELS,<br><br>             Plaintiff,<br><br>vs.<br><br>SMOKEY BONE BBQ, LLC, an Idaho Limited Liability Company,<br><br>             Defendant. | Case No. 1:22-cv-00481-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Jessica Daniels' Application for Entry of Default Judgment (Dkt. 41). Daniels seeks default judgment against her former employer, Defendant Smokey Bone BBQ, LLC, under Rule 55 of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court grants Daniels' motion.

## I.  BACKGROUND

On October 18, 2022, Daniels filed this action in state court, which Smokey Bone then removed to this Court after Daniels filed an amended complaint. (Dkts. 1 and 1-1 through 1-8). The parties then litigated for over a year until February 2024, when the parties reached a settlement. (Dkt. 24-2 at p. 11). The parties agreed to keep the settlement terms confidential, except they agreed Smokey Bone would execute a "Confession of Judgment" in the amount of $30,000, which Daniels could file in federal or state court if Smokey Bone defaulted under the settlement agreement. (*Id.* at pp. 13-14). Before the settlement terms were fulfilled, however, Smokey Bone's counsel moved to withdraw. (Dkt. 20). Daniels opposed the motion and also filed a motion to enforce the settlement agreement.

MEMORANDUM DECISION AND ORDER - 1

On April 19, 2024, the Court granted the motion to withdraw and ordered Smokey Bone to appoint a new attorney within twenty-one days of service of the Court's Order. (Dkt. 29). The Court further ordered that "if Defendant fails to appear in this action through a newly appointed attorney within that twenty-one (21) day period, such failure shall be grounds for entry of default against Defendant **with prejudice without further notice**." (*Id.*, ¶ 3) (emphasis added). That same day, Smokey Bone's former counsel confirmed service on Smokey Bone of the order permitting her withdrawal. (Dkt. No. 30). Smokey Bone's deadline for the appearance of its new counsel was May 10—twenty-one days after the April 19 service date.

The May 10, 2024, deadline passed without new counsel appearing for Smokey Bone. On August 19, the Court ordered Daniels to file a status report. (Dkt. 31). In response, Daniels notified the Court she intended to move for default judgment for an amount not less than the agreed on amount in the settlement agreement.[1] (Dkt. 32). Shortly after filing the status report, Daniels filed a request for entry of default on September 7 and served it on Smokey Bone. On September 11, the Clerk of the Court entered default against Smokey Bone. (Dkt. 39). Daniel now moves for default judgment under Rule 55(b) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

Under Rule 55(b), a court may order a default judgment following the Clerk of the Court's entry of default. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment," however. *Id.* Rather, whether to enter a default judgment is within the court's discretion. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). As a part of this discretion, a court considers the factors in *Eitel v. McCool* (the *Eitel* factors), including: (1) the possibility of

---

[1]     Daniel's motion to seal the status report was denied for a lack of good cause. (Dkt. 34).

**MEMORANDUM DECISION AND ORDER - 2**

prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim and the sufficiency of the complaint;[2] (3) the sum of money at stake in the action; (4) the possibility of a dispute concerning material facts; (5) whether the default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d 1470, 1471-72 (9th Cir. 1986).

A court hearing a motion for default judgment takes all factual allegations in the complaint as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The plaintiff is required to provide proof of all damages. Further, Rule 54(c) requires the plaintiff's proof must match his demand for damages: "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### III.  ANALYSIS

Because the Clerk of the Court entered default against Smokey Bone on September 11, 2024, under Rule 55(a) (Dkt. 39), Daniels properly moved under Rule 55(b) for entry of a default judgment against Smokey Bone. As a threshold matter, to avoid any future challenge seeking to void the judgment, "a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Daniels alleges violations of Title VII of the Civil Rights Act of Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, a federal statute.

---

[2] The Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), listed the "merits of the plaintiff's substantive claim" and the "sufficiency of the complaint" as two separate factors, though district courts usually analyze these factors together because of the factors' relatedness. *See PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175-76 (C.D. Cal. 2002).

Additionally, the Court finds the *Eitel* factors support the entry of a default judgment. First, Daniels faces the real possibility of prejudice absent a default judgment in her favor. Smokey Bone has failed to appear with new counsel and to actively participate in this litigation. As a result, Daniels cannot recover her damages except by a default judgment. *See United States v. Spear*, No. 2:22-CV-00439-BLW, 2024 WL 915007, at *2 (D. Idaho March 4, 2024). This factor weighs in favor of a default judgment because denying Daniels' motion would leave Daniels without recourse. *See Smith Roofing & Siding, LLC v. Smith*, No. 4:23-CV-00310-DCN, 2024 WL 1308983, at *3 (D. Idaho March 26, 2024) (citations omitted).

The second and third *Eitel* factors—the merits of a plaintiff's claim and the sufficiency of the complaint—likewise weigh in Daniels' favor. The plaintiff's complaint must "state a claim on which [it] may recover" and include facts sufficient to show a plausible claim for relief. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1175-76*; see also Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 886 (S.D. Cal. 2021). Daniels asserts three claims for relief under Title VII and the IHRA, including claims for quid pro quo sexual harassment, for hostile work environment, and for disparate treatment/constructive discharge. (Dkt. 1-6). Having reviewed the amended complaint, the Court finds Daniels has alleged facts sufficient to state a plausible claims for relief.

The fourth *Eitel* factor is the sum of money at stake in this action. Regarding this factor, Daniels seeks entry of a judgment in the amount of $30,000, which the parties agreed on in the settlement agreement and included in the "Confession of Judgment," which Smokey Bone executed. Because such sum is consistent with the parties' settlement, this factor supports the entry of a default judgment.

Likewise, the fifth *Eitel* factor, which considers the possibility of dispute regarding any material facts, weighs in favor of entering a default judgment. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *TeleVideo*, 826 F.2d at 917-18). The record does not indicate any genuine dispute of material facts which would preclude granting Daniels' motion.

The sixth *Eitel* factor considers the possibility excusable neglect caused the default. This factor weighs in favor of a default judgment because Smokey Bone entered into a settlement agreement with Daniels and then failed to make an appearance through new counsel after its former counsel withdrew. Given Smokey Bone's early participation in this matter, which included entering into a settlement agreement to resolve this case, the possibility of excusable neglect is remote. *PepsiCo*, 238 F. Supp. 2d at 1177.

Finally, the last *Eitel* factor advises courts to decide cases on the merits whenever possible. 782 F.2d at 1472. Although policy disfavors a default, when a defendant fails to appear with new counsel after previous counsel withdrew, a decision on the merits becomes impractical, if not impossible, and the default mechanism is necessary to deal with an unresponsive party who otherwise could avoid its settlement agreement. Since its counsel withdrew, Smokey Bone has ignored this litigation, and Daniels' request for a default judgment is the most practical, available remedy. In aggregate, the Court finds the *Eitel* factors weigh heavily in favor of entering a default judgment against Smokey Bone.

## IV.  ORDER

**IT IS ORDERED that:**

1. Plaintiff Jessica Daniels' Application for Entry of Default Judgment (Dkt. 41) is **GRANTED**.

**MEMORANDUM DECISION AND ORDER - 5**

2. A separate judgment shall be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure in the amount of $30,000 in favor of Plaintiff Jessica Daniels and against Defendant Smokey Bone BBQ, LLC, with interest to accrue thereon from the date of entry of the Judgment.

DATED: November 07, 2024

Amanda K. Brailsford
U.S. District Court Judge